# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HEROD SHEPHERD, JR**                                                              **PETITIONER**
**ADC # 085740**

**V.**             **CASE NO. 4:20-CV-844-KGB-BD**

**DEXTER PAYNE**                                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Mr. Shepherd may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Shepherd does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

On July 17, 2020, Herod Shepherd, Jr., an Arkansas Division of Correction (ADC) inmate, filed a letter with this Court seeking release from custody. (Doc. No. 1) Although Mr. Shepherd's letter is difficult to follow, it appears that he is asking this Court to verify his proclaimed status as a Moorish American National. According to Mr. Shepherd, if his Moorish American nationally is substantiated, the sentencing court, Drew County Circuit

Court, would have no legal jurisdiction over him; and his criminal conviction by that court would be null and void. The Clerk filed the motion as a petition for writ of habeas corpus brought under 28 U.S.C. § 2254.

## III. Discussion:

Mr. Shepherd's petition, which is essentially a claim of sovereign citizenship,[1] fails for several reasons. First, the United States does not recognize the Moorish Nation as a sovereign state. *Irvin v. Hendrix*, No. 2:18-CV-179-DPM-PSH, 2018 WL 6978099, at *2 (E.D. Ark. Dec. 18, 2018), report and recommendation adopted, 2019 WL 122975 (E.D. Ark. Jan. 7, 2019) (citing *Boyle v. Missouri*, No. 4:13-CV-1792-HEA, 2013 WL 5651394, at *1-2 (E.D. Mo. Oct. 15, 2013) (collecting cases rejecting claims based on Moorish citizenship)).

Second, Mr. Shepherd's proclaimed status as a Moorish American National does not entitle him to violate the law without consequence. *Johnson-Bey v. Kelley*, No. 5:19-CV-150-DPM-JJV, 2019 WL 3887966, at *3 (E.D. Ark. July 23, 2019), report and recommendation adopted, 2019 WL 3883995 (E.D. Ark. Aug. 16, 2019). Courts have repeatedly found jurisdictional challenges based on sovereign citizenship to be meritless and frivolous. See i.e., *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (finding "sovereign citizen" defense to have "no conceivable validity in American law");*United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (dismissing as frivolous criminal defendants' challenge

---

[1] See *Bey v. State*, 847 F.3d 559, 560-61 (7th Cir. 2017) (examining the history and ideals of the Moorish sovereign citizen movement).

to jurisdiction as "sovereign citizens"); *United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir. 2012) (same); *Wright v. Jackson*, 502 F. App'x 339, 340 (4th Cir. 2013) (summarily denying certificate of appealability where district court dismissed Moorish sovereign claim as frivolous).

Summary dismissal of a habeas corpus petition – prior to a response or answer from the respondent – is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

### IV.   Conclusion:

The pending petition is frivolous. Therefore, the Court recommends that Judge Baker DENY and DISMISS Herod Shepherd, Jr.'s petition for writ of habeas corpus (Doc. No. 1), without prejudice. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 22nd day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE