# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HEROD SHEPHERD, JR.**                                                                 **PETITIONER**
**ADC #085740**

**v.**                          **Case No. 4:20-cv-00844-KGB**

**DEXTER PAYNE**                                                                       **RESPONDENT**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on July 22, 2020 (Dkt. No. 2). Mr. Shepherd has filed objections to the Recommended Disposition (Dkt. No. 3). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 2).

Mr. Shepherd, an inmate in the Arkansas Division of Correction, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking release from custody because of his proclaimed status as a Moorish American National (Dkt. No. 1). Mr. Shepherd claims that, because of his status as a Moorish American National, Drew County Circuit Court lacked jurisdiction over him when he was criminally convicted and sentenced (Dkt. No. 1, at 1).

In her Recommended Disposition, Judge Deere concludes that Mr. Shepherd should not be allowed to proceed with his petition, because the United States does not recognize the Moorish Nation as a sovereign state and his proclaimed status does not entitle him to violate the law without consequence (Dkt. No. 2, at 2). The Court writes separately to address Mr. Shepherd's objections (Dkt. No. 3).

In his objections, Mr. Shepherd agrees that the Moorish Nation is not a sovereign state, but a sovereign government with a constitution, creed, flag, and laws (Dkt. No. 3 at 2). He reiterates

his claim that no court has legal jurisdiction over him and argues he has been kidnapped and is being held hostage (*Id.*, at 2-3).  Mr. Shepherd also asserts that this Court has jurisdiction because his Constitutional rights are being violated (*Id.*, at 3-4).

Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Mr. Shepherd's objections break no new ground and fail to rebut Judge Deere's recommendation.  As Judge Deere notes in her Recommended Disposition, this Court has found jurisdictional challenges based on sovereign citizenship to be meritless and frivolous.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014); *Johnson-Bey v. Kelley*, No. 5:19-CV-150-DPM-JJV, 2019 WL 3887966, at *3 (E.D. Ark. July 23, 2019), report and recommendation adopted, 2019 WL 3883995 (E.D. Ark. Aug. 16, 2019).

The Court agrees with the Recommended Disposition and adopts it in its entirety as its findings in all respects (Dkt. No. 2).  The Court denies Herod Shepherd, Jr.'s petition for writ of habeas corpus without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 12th day of February, 2021.

_____
Kristine G. Baker
United States District Judge